ELBS v. ROCHESTER EGG-CARRIER CO.

(Circuit Court of Appeals, Second Circuit. February 10, 1913.)

No. 119.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—EGG-CARRIER.

    The Jenne patent, No. 722,512, for an egg-carrier, while not for a generic invention, covers a simple and ingenious device, which is a distinctive improvement on those of the prior art, and the patent is entitled to a sufficiently liberal construction to protect the same. As so construed, *held* infringed.

Appeal from the District Court of the United States for the Western District of New York; John R. Hazel, Judge.

Suit in equity by John G. Elbs against the Rochester Egg-Carrier Company. From a decree (197 Fed. 764) dismissing the bill based upon letters patent No. 722,512, on the ground that the two claims involved, the second and the sixth, are not infringed by the defendant's device, complainant appeals. Reversed.

Frederick F. Church and G. Willard Rich, both of Rochester, N. Y., for appellant.

Harold H. Simms, of Rochester, N. Y., and George P. Keating, of Buffalo, N. Y., for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

COXE, Circuit Judge. This action is founded upon letters patent No. 722,512 granted to Henry S. Jenne March 10, 1903 for improvements in egg-carriers. The court decided that, in view of the prior art, the claim in controversy must be narrowly construed, and, when so limited, were not infringed by the defendant's structure. These claims are as follows:

"2. An egg-carrier consisting of a case provided with partitions forming egg-receiving pockets, a removable cover formed with a flange interposed between the walls of the case and ends of the upper portions of the partitions, and means adjustably connected to the case for engaging and releasing said cover as set forth."

"6. In an egg-carrier, the combination of a case provided with partitions having the upper portions of their end edges clear from the interior of the case, and a tray-shaped cover disposed inverted in the case and having its flanges passing across the clear portions of the ends of the partitions as set forth."

The patentee has not made a generic invention but the record contains persuasive proof that he has made a distinct improvement upon the egg-carriers shown in the prior art. The persistent effort of the defendant, and those in cahoot with it, to use the Elbs carrier, or one embodying all its advantages, is inconsistent with the theory that the claims cover nothing of importance which is not found in the prior art.

The elements of claim 2 are as follows:

First. An egg-carrier consisting of a case provided with partitions forming egg-receiving pockets.

Second. A removable cover formed with a flange interposed between the walls of the case and ends of the upper portion of the partitions.

Third. Means, adjustably connected to the case, for engaging and releasing said cover.

Claim 6 is substantially similar except that it omits the third element of claim 2 and also the provision of claim 2 that the flange of the tray must be interposed between the walls of the case and the "ends of the upper portions of the partition."

It seems to us that the patentee has invented a simple and ingenious receptacle for packing, carrying and delivering eggs, which obviates many of the difficulties shown in the carriers previously in use.

The claims are, therefore, entitled to an interpretation sufficiently liberal to give effect to the distinctive improvements added by the inventor. The carriers made and sold by the defendant have all the valuable features of claims 2 and 6, in fact, they are almost a Chinese reproduction of the patented device, with the single exception that the defendants have removed the portion of the partitions which extends above the lower edges of the tray when it is inverted and used as a cover. The parts thus removed perform no important function in the operation of the device. It operates as well without as with them, except perhaps, in certain possible, but unlikely, contingencies, their presence may add some additional strength to the carrier. For instance, if a weight should fall on the inverted tray, additional resistance might be added by the fact that the walls of the partition extend

upwards, so that the top of the inverted cover is but a short distance above them. Neither of the claims in issue requires that the partitions shall extend beyond the top of the eggs. The drawings show the partition as ending below the top of the eggs, so that a heavy blow on the inverted tray would break it down and destroy the eggs, the partitions offering little, if any, resistance.

Claim 6 simply requires that the inverted tray-shaped cover shall be disposed in the case "having its flanges passing across the clear portions of the ends of the partitions." Reducing the height of the partitions, as is shown in defendant's device, merely removes some superfluous pasteboard, but in no way changes the operation of the carrier. The flange of the defendant's cover may fairly be construed as interposed between the walls of the case and the ends of the upper portions of the partitions. The only difference is that in the defendant's carrier the walls do not extend upward as far as in the structure shown in the patent. The portion removed performs no function; it is, so to speak, surplusage, and its removal does not, in our opinion, enable the defendant to appropriate the invention of the claims.

The decree is reversed with costs and the cause is remanded to the District Court with instructions to enter a decree in favor of the complainant.